UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KENDAL WATKINS,

    Plaintiff,

v.

ANDREW EDINGER, et al.,

    Defendants.

CIVIL ACTION NO. 1:14-CV-01254

(KANE, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

    Pending before this Court are Plaintiff's motions to be transferred from USP- Lewisburg to another facility (Doc. 17; Doc. 19; Doc. 20), Plaintiff's motion to stay (Doc. 25), and Plaintiff's motion to amend his complaint (Doc. 27). For the reasons stated herein, it is recommended that these motions be denied.

**I.   BACKGROUND**

    Plaintiff Kendall Watkins, proceeding *pro se*, is currently incarcerated at the Federal Correctional Complex in Allenwood, Pennsylvania ("FCC-Allenwood"). On February 21, 2014, Watkins filed a complaint in the United States District Court for the District of Columbia, alleging that he was denied medical treatment in violation of Eighth Amendment. (Doc. 1). This action was subsequently transferred to the Middle District of Pennsylvania. On September 4th, 5th, and 8th of 2014, Watkins filed letters with this Court indicating that he wished to withdraw his case and dismiss his claims. (Doc. 13; Doc. 14). This Court construed his *pro se* letters as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) and recommended dismissal as to one of several defendants named in the Complaint. (Doc. 16). However, on September 15, 2014, following this Court's issuance of its Report and Recommendation, Watkins filed a motion indicating that he no longer wished to voluntarily

dismiss his claims and requesting that the Court enter an order directing that he be transferred from the United States Penitentiary at Lewisburg ("USP-Lewisburg") to another institution. (Doc. 17). In light of this motion, the District Court did not adopt this Court's Report and Recommendation and referred the case back for further pretrial management. (Doc. 18).

On October 27, 2014 and again on October 30, 2014, Watkins filed motions requesting that this Court issue an order to have him transferred from USP-Lewisburg to another facility on the basis that prison officials were retaliating against him for filing the instant action. (Doc. 19; Doc. 20). On December 8, 2014, Watkins filed a motion to stay the case until such time as he is able to exhaust his administrative remedies. (Doc. 25). On January 9, 2015, Watkins filed a notice of change of address with this Court, apprising the Court of his transfer from USP-Lewisburg to FCC-Allenwood. (Doc. 26). That same day, he filed a motion to amend his complaint to include the medical director of USP-Lewisburg as a Defendant, as well as new theories of liability. (Doc. 27).

## II. DISCUSSION

### A. MOTION TO STAY

As a primary matter, the Court must first address Watkin's motion requesting a temporary stay in the proceedings to allow him to exhaust his administrative remedies. (Doc. 25). "The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until such administrative remedies as are available are exhausted . . . .[and to] satisfy this requirement, a prisoner must exhaust all available administrative remedies prior to filing suit." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (internal citations and quotations omitted); *see* 42 U.S.C. 1997e(a) ("No action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo,* 548 U.S. 81, 88 (2006) ("[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."). Consequently, the Court must dismiss a complaint where a prisoner files suit before fully exhausting his administrative remedies. *See Ahmed v. Dragovich*, 297 F.3d 201, 209 n. 9 (3d Cir. 2002); *Roscoe v. Dobson,* 248 Fed. Appx. 440, 442 (3d Cir. 2007); *Oriakhi,* 165 Fed. Appx. at 993 ("[T]here appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."). As Watkins has acknowledged that he has failed to exhaust his administrative remedies, this Court must deny his motion to stay (Doc. 25), and must deny his motion to amend his complaint (Doc. 27) as moot. Accordingly, this Court recommends that his complaint (Doc. 1), be dismissed without prejudice.

    B.  MOTIONS REQUESTING TRANSFER TO ANOTHER FACILITY

Watkins also seeks transfer from USP-Lewisburg to another facility on the grounds that his life is in jeopardy. (Doc. 17; Doc. 19; Doc. 20). However, as Watkins has been transferred to FCC-Allenwood as of January 9, 2015, this Court recommends that Watkins' motions (Doc. 17; Doc. 19; Doc. 20) be denied as moot.

**III. RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Plaintiff's motion to stay (Doc. 25) be **DENIED**;
2. Plaintiff's motion to amend (Doc. 27) be **DENIED as moot**;

3. Plaintiff's motions requesting to be transferred to another facility (Doc. 17; Doc. 19; Doc. 20), be **DENIED AS MOOT**;

4. Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** for failure to exhaust his administrative remedies prior to filing suit pursuant to 42 U.S.C. 1997e(a).

                                      **BY THE COURT:**

**Dated: January 20, 2015**                        *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                   **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDAL WATKINS,<br><br>      Plaintiff,<br><br>      v.<br><br>ANDREW EDINGER, et al.,<br><br>      Defendants | CIVIL ACTION NO. 1:14-CV-01254<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 20, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 20, 2015**                                                                 *s/ Karoline Mehalchick*
                                                                                         **KAROLINE MEHALCHICK**
                                                                                         **United States Magistrate Judge**