**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENDALL WATKINS,** | : | |
| **Plaintiff** | : | **No. 1:14-cv-01254** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **ANDREW EDINGER, <u>et al.</u>,** | : | **(Magistrate Judge Mehalchick)** |
| **Defendants** | : | |
| | : | |
| | : | |

<u>**ORDER**</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 21, 2014, Plaintiff Kendall Watkins, currently incarcerated at Federal Correctional Institution - Allenwood, initiated the above-captioned action alleging that his medical needs went unmet during his incarceration at a separate federal correctional facility in Lewisburg, Pennsylvania.  (Doc. No. 1 at 6-8.)  During the course of this litigation, Plaintiff filed repeated motions asking the Court to order his transfer to another facility away from United States Penitentiary - Lewisburg.[1]  (Doc. Nos. 17, 19, 20.)  On December 8, 2014, Plaintiff filed a motion to stay these proceedings until he had exhausted his administrative remedies within the corrections system as required by the Prison Litigation Reform Act ("PLRA").  (Doc. No. 25.)  Plaintiff filed a motion to amend his complaint on January 9, 2015, attaching a revised complaint that clarified his claims and sought to add an additional defendant.  (Doc. No. 29 at 1-2.)  On this issue of exhaustion, Petitioner's amended complaint states that, "[Plaintiff] made a reasonable

---

[1] Magistrate Judge Mehalchick recommends that the Court deny Plaintiff's motions for a transfer of facilities as moot because Plaintiff has already been transferred to FCI - Allenwood.  (Doc. No. 30 at 3.)  The Court agrees and will deny those motions as moot.

1

effort and was prevented by prison officials." (Doc. No. 29 ¶ 6.) That is the entirety of

Plaintiff's pleading on the issue of exhaustion. (See id.) On January 20, 2015, Magistrate Judge

Mehalchick issued a Report and Recommendation, in which she recommends that the Court

dismiss Plaintiff's complaint without prejudice, because the PLRA requires exhaustion of

administrative remedies prior to the filing of suit. (Doc. No. 30 at 2-3) (citing Ahmed v.

Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002); Oriakhi v. United States, 165 F. App'x 991,

993 (3d Cir. 2006)). In addition, Magistrate Judge Mehalchick recommends denying Plaintiff's

motion to stay. (Doc. No. 30 at 3.)

Plaintiff filed objections to Magistrate Judge Mehalchick's Report and Recommendation

on February 6, 2015. (Doc. No. 31.) Plaintiff first argues that failure-to-exhaust administrative

remedies is an affirmative defense, so he does not bear the burden on that issue. (Doc. No. 31 at

2-3.) Plaintiff next urges the Court to grant his motion to amend his complaint. (Id. at 3-4.) The

Court will overrule Plaintiff's objections, adopt Magistrate Judge Mehalchick's Report and

Recommendation, and dismiss Plaintiff's complaint without prejudice.[2] The United States Court

of Appeals for the Third Circuit has clearly mandated that a prisoner must exhaust administrative

remedies prior to initiating suit. Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (". . . no action

shall be brought in federal court until such administrative remedies as are available have been

exhausted."); see also Ahmed, 297 F.3d at 209 n.9. A court employs the same standard under

---

[2] The Court observes that Plaintiff may have amended his complaint as a matter of right under Federal Rule of Civil Procedure 15. However, even Plaintiff's amended complaint would be subject to dismissal under 42 U.S.C. § 1997e, because the bare assertion that Plaintiff attempted to exhaust his administrative remedies is insufficient, especially given Magistrate Judge Mehalchick's findings, to survive scrutiny under modern pleading rules. See Fed. R. Civ. P. 8. Accordingly, the Court will deny Plaintiff's motion to amend.

2

the PLRA as it would under a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See 42 U.S.C. § 1997e ("The court shall on its own motion or on the motion of a party dismiss any action . . . [that] fails to state a claim upon which relief can be granted . . . ."); see also Shover v. York Cnty. Prison, No. 11-2248, 2012 WL 720858, at **1-2 (M.D. Pa. March 1, 2012) (Nealon, J.). This is no less true when a plaintiff's complaint fails on its face to overcome the affirmative defense to be raised. See McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) ("[A]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint.") (quoting Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).). Plaintiff filed a motion with the Court that acknowledged his failure to comply with exhaustion procedure (Doc. No. 25), and he then filed an amended complaint that failed on its face to plead facts sufficient to overcome any exhaustion defense (Doc. No. 29).

Accordingly, the Court will adopt Magistrate Judge Mehalchick's Report and Recommendation and dismiss Plaintiff's complaint. Plaintiff will be granted leave to re-file his complaint, this time with factual allegations and perhaps attachments demonstrating that he has exhausted his administrative remedies. In light of the dismissal, Plaintiff's motions for a facility transfer and his pending motion to stay proceedings will be denied as moot. His motion to amend his complaint will be denied.

**ACCORDINGLY**, on this 25th day of June, 2015, **IT IS HEREBY ORDERED THAT**:

1.    Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 30) is **ADOPTED**;

2.    Plaintiff's motions for a facility transfer and to stay proceedings (Doc. Nos. 17, 19, 20, 25) are **DENIED AS MOOT**,

3.    Plaintiff's motion to amend his complaint (Doc. No. 27) is **DENIED**;

4.      Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and,

5.      Plaintiff is granted leave to re-file his complaint to demonstrate exhaustion of his administrative remedies within 30 days of this order.

S/ Yvette Kane_____
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania